**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Joshua Otero, as Administrator of the | : | Civil Action |
| Estate of Virgen Martinez, Deceased | : | |
| | : | NO: 22-4141 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| P/O Christian Kane, P/O Alexander | : | JURY TRIAL DEMANDED |
| Hernandez and City of Philadelphia and | : | |
| Tahir Ellison and John Does Nos. 1-10 | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT POLICE OFFICER CHRISTIAN KANE, POLICE OFFICER ALEXANDER HERNANDEZ AND THE CITY OF PHILADELPHIA, WITH SEPARATE AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Police Officers Christian Kane and Alexander Hernandez and the City of Philadelphia (hereinafter "Answering Defendants"), by and through the undersigned counsel, hereby files this Answer to Plaintiff's Amended Complaint with Affirmative Defenses and aver as follows:

### THE PARTIES

1.   Denied. This paragraph contains conclusions of law to which the Rules of Civil Procedure require no response. Strict proof thereof is demanded at the trial of this matter.

2.   Upon information and belief, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

3.   Denied as stated. Defendant Police Officer Kane was employed as a Philadelphia Police Officer for the City of Philadelphia at the time of the subject incident.

4.   Denied as stated. Defendant Police Officer Hernandez was employed as a Philadelphia Police Officer for the City of Philadelphia at the time of the subject incident.

5.   Admitted only that the City of Philadelphia is a municipal entity, organized under the laws of the Commonwealth of Pennsylvania.

6.   Admitted only that the City of Philadelphia is a municipal entity, organized under the laws of the Commonwealth of Pennsylvania, and that the Philadelphia Police Department operates within the City of Philadelphia. The remaining allegations in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, such allegations are denied.

7.   Admitted only that the City of Philadelphia is a municipal entity, organized under the laws of the Commonwealth of Pennsylvania, and that the Philadelphia Police Department operates within the City of Philadelphia. The remaining allegations in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, such allegations are denied.

8.   Denied as stated. Defendant Police Officers Hernandez and Kane were employed as Philadelphia Police Officers for the City of Philadelphia at the time of the subject incident.

9.   The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

**JURISDICTION AND VENUE**

10. Answering Defendants incorporate by reference their answers to the preceeding paragraphs, inclusive, as though fully set forth herein.

11. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

12. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

13. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

14. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

## OPERATIVE FACTS

15. Answering Defendants incorporate by reference their answers to the preceeding paragraphs, inclusive, as though fully set forth herein.

16. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

17. Admitted.

18. Admitted.

19. Admitted.

20-35.     The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

36. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

37-42.     Admitted that the Philadelphia Police Department has promulgated Directive 9.4, which governs vehicular pursuits. As to all other allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

43-53. The allegations contained in these paragraphs constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

54. The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

55. The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

56-57. The allegations contained in these paragraphs constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

### <u>COUNT I: CIVIL RIGHTS – 42 U.S.C. § 1983</u>
**Plaintiff v. Officer Kane, Officer Hernandez, City of Philadelphia, and John Does Nos. 1-10**

58. Answering Defendants incorporate by reference their answers to the preceeding paragraphs, inclusive, as though fully set forth herein.

59. The allegations contained in these paragraphs constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

60. The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

61-73.      The allegations contained in these paragraphs constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiffs, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT II: CIVIL RIGHTS – 42 U.S.C. § 1983 (*Monell* Claim)
### Plaintiff v. City of Philadelphia

74. Defendants incorporate by references the foregoing response as though set forth herein.

75-83. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT III: CIVIL RIGHTS – NEGLIGENCE
### Plaintiff v. Officer Kane, Officer Hernandez, and John Does Nos. 1-10

84. Defendants incorporate by references the foregoing response as though set forth herein.

85. Denied as stated. Defendant Police Officers Hernandez and Kane were employed as Philadelphia Police Officers for the City of Philadelphia at the time of the subject incident.

86. The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

87-91. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

92. Admitted.

93-95. The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## COUNT IV: NEGLIGENCE
### Plaintiff v. Tahir Ellison

96. Defendants incorporate by references the foregoing response as though set forth herein.

97-106.     The allegations contained in this paragraph do not pertain to Answering Defendants and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## FIRST CAUSE OF ACTION – WRONGFUL DEATH ACT
### Plaintiff v. All Defendants

107.     Defendants incorporate by references the foregoing response as though set forth herein.

108.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

109.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

110.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiffs, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## SECOND CAUSE OF ACTION – WRONGFUL DEATH ACT
### Plaintiff v. All Defendants

111.    Defendants incorporate by references the foregoing response as though set forth herein.

112-114.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## JURY DEMAND AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendants were carrying out their duties in a proper and lawful manner and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they have failed to take reasonable measures to mitigate any or all damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, insofar as Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendants acted in a reasonable, proper, and lawful manner.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act", and aver that the Plaintiff's remedies are limited exclusively thereto. Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants assert all the defenses available to them under 18 Pa.C.S. § 508.

### NINTH AFFIRMATIVE DEFENSE

The underlying injuries to Plaintiff were results of the negligence of other parties over whom the Answering Defendants exercised no control.

### TENTH AFFIRMATIVE DEFENSE

The City of Philadelphia asserts all of the defenses available to it under the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 et seq., and avers that the Plaintiff remedies are limited exclusively thereto, and therefore, the present action is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Defendants are liable on the Plaintiff's cause of action, the City avers that the Plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. 7102.

### JURY DEMAND

Defendants demand a jury trial in this action.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## CROSS CLAIM DIRECTED AGAINST DEFENDANT TAHIR ELLISON

By way of further Cross Claim, the Answering Defendants, aver the following cause of action:

1.      Answering Defendants incorporate by reference all allegations of negligence and carelessness as pled in Plaintiff's Complaint, and said Complaint is incorporated herein by reference.

2.      If plaintiff suffered injuries or damages as alleged in the Complaint, said injuries and damages were caused solely by the negligence and carelessness of Defendant Tahir Ellison.

3.      Defendant, Ellison, is solely liable or jointly and/or severally liable, or liable over to the Answering Defendants for any injuries or damages which may have been suffered by plaintiff.

4.      If the Answering Defendants are held liable to Plaintiff for all or part of such injuries and damages as Plaintiff may have suffered, said injuries and damages being specifically denied, the Answering Defendants demand judgment in their favor in the amount of the verdict by way of contribution or indemnity against Defendant Ellison.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff, either jointly or severally, and demands judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

Respectfully Submitted,

Date: <u>November 2, 2022</u>                    */s/ Jenna Jankowski*
                                                Jenna Jankowski
                                                Assistant City Solicitor
                                                PA Attorney I.D. 326752
                                                City of Philadelphia Law Department
                                                (215) 683-5433
                                                jenna.jankowski@phila.gov

- 10 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Joshua Otero, as Administrator of the** | : | **Civil Action** |
| **Estate of Virgen Martinez, Deceased** | : | |
| | : | **NO: 22-4141** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **P/O Christian Kane, P/O Alexander** | : | **JURY TRIAL DEMANDED** |
| **Hernandez and City of Philadelphia and** | : | |
| **Tahir Ellison and John Does Nos. 1-10** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Jenna Jankowski, certify that I caused a true and correct copy of the foregoing Answer and Affirmative Defenses and Cross Claim on this date was filed via the Court's electronic filing system and is available for downloading.

*/s/ Jenna Jankowski*
Jenna Jankowski
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5433
(215) 683-5397 (fax)
jenna.jankowski@phila.gov

Dated:  November 2, 2022